[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 04, 2011
JOHN LEY
CLERK

No. 10-11985
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-21044-MGC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OSCAR DANILO ESTRADA-LANDERO,
a.k.a. Oscar Danilo Estrada Ortiz,
a.k.a. Oscar Danilo Estrada,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 4, 2011)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Oscar Estrada-Landero appeals his 41-month sentence imposed for re-entry

into the United States after deportation.  On appeal, Estrada-Landero argues that his sentence was substantively and procedurally unreasonable because the district court improperly enhanced his sentence and failed to adequately consider the 18 U.S.C. § 3553(a)(2) sentencing factors.

Estrada-Landero, a citizen of Nicaragua, was deported from the United States in 2004 after being convicted for a lewd and lascivious exhibition to a child under the age of 16 in a Florida court.  After re-entering the United States in 2009, he was arrested for residing in the country after being formally removed.  He pleaded guilty and received a sentence that was within the applicable 41–51-month guideline range.  However, in calculating his base offense level, the district court included a 16-level enhancement under U.S. Sentencing Guideline § 2L1.2(b)(1)(A)(ii) based on his prior state conviction for "a crime of violence." On appeal, Estrada-Landero argues that his lewd and lascivious conviction under Fla. Stat. § 800.04 did not constitute a crime of violence warranting the 16-point enhancement.  He contends that the offensive conduct did not require physical contact with the victim, and thus it did not meet the definition of sexual abuse of a minor.  At the most, Estrada-Landero contends, the prior conviction was an "aggravated felony" warranting only an 8-point enhancement, which would have resulted in a lower guideline range of 18–24 months.

2

We review *de novo* whether a defendant's prior conviction qualifies under the U.S. Sentencing Guidelines as a "crime of violence." *United States v. Palomino Garcia*, 606 F.3d 1317, 1326 (11th Cir. 2010). Under the Guidelines, a 16-level enhancement is imposed if the defendant had previously been deported following a felony conviction for "a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). A "crime of violence" is defined by the Guidelines to include, among other things, "sexual abuse of a minor" or "any other offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii). Guidelines commentary "that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38, 113 S.Ct. 1913, 1915 (1993). The Guidelines were amended in 2003 to clarify that a "crime of violence" incorporates specific enumerated offenses, including "sexual abuse of a minor," "*regardless* of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. app. C, amend. 658 (emphasis added).

In *United States v. Padilla-Reyes*, 247 F.3d 1158, 1164 (11th Cir. 2001), we held that "sexual abuse of a minor" included violations of Fla. Stat. § 800.04

3

(1987), which did not require physical contact with the victim in all cases, with or without sexual contact, and supported the application of a 16-level enhancement pursuant to § 2L1.2(b)(1)(A). "[T]he phrase 'sexual abuse of a minor' means a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." *Id.* at 1163. Although § 800.04 was changed, the changes in the Florida statute did not affect its coverage of offenses that require and do not require physical contact with the victim. *Compare* Fla. Stat. § 800.04(1987) (setting forth an offense for knowingly committing "any lewd or lascivious act in the presence of any child under the age of 16 years without committing the crime of sexual battery . . . ."), *with* Fla. Stat. § 800.04 92000) (setting forth an offense for intentionally exposing the genitals in a lewd or lascivious manner "in the presence of a victim less than 16 years of age").

Therefore, we find that the district court correctly calculated the advisory guideline range and did not err in imposing the 16-level enhancement. Estrada-Landero's prior conviction for sexual abuse of a minor is an enumerated offense in the definition of "crime of violence," and we rely upon *Padilla-Reyes* to conclude that it qualifies for the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). *See* 247 F.3d at 1164.

4

Of course, our review of the final sentence imposed by the district court is for reasonableness. *United States v. Agbai*, 497 F.3d 1226, 1229 (11th Cir. 2007) (per curiam). The Supreme Court has explained that the reasonableness standard is review for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591 (2007). The district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the pertinent policy statements of the Sentencing Commission. *Id.* § 3553(a)(1), (3)–(7).

After we have decided that a sentence is procedurally sound, we must examine whether the sentence was substantively reasonable in light of the record and the § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. We ordinarily expect a sentence imposed within the advisory Guidelines range or well below the statutory maximum sentence to be reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). Here, Estrada-Landero's sentence

5

of 41 months was on the low end of the applicable guideline range of 41–51 months.  It was also well below the 10-year statutory maximum penalty.  It is also clear that the district court properly took into consideration the § 3553(a) factors, including: (1) the nature of the lewd and lascivious exhibition offense and the age of the victim, (2) Estrada-Landero's criminal history and his reasons for re-entry into the United States, (3) his personal statement requesting forgiveness, (4) the seriousness of the offense, (5) respect for the law, and (6) just punishment.

The district court considered the arguments of both Estrada-Landero and the government at sentencing when considering whether the 16-level enhancement was appropriate.  It imposed a sentence that was within the guideline range, was supported by the record, and met the goals encompassed within 18 U.S.C. § 3553(a).  Accordingly, Estrada-Landero's sentence was both procedurally and substantively reasonable, and we affirm.

**AFFIRMED.**